# Suratt et al. v. Bd. of Edu. of City of Ashland

June 20, 1950.

Watt M. Prichard, Judge.

Reginald W. Becker for appellant.

W. H. Dysard for appellees.

JUDGE CAMMACK—Reversing.

This action was instituted by the Board of Education of the City of Ashland to test the validity of an issue of school improvement bonds in the amount of $395,000. The appeal is from a judgment upholding the validity of the bonds.

We agree with the contention of the appellant that the bonds are invalid for the reason that the resolution of the Board of Education, providing for the issuance of the bonds, does not comply with the terms of the ordinance adopted by the City Board of Commissioners calling for the election on the bond question.

Among other things, KRS 162.080 provides that the ordinance of the tax levying authority calling for the election on a school bond issue, "shall fix the time the bonds shall run and, if a serial issue, the amount to mature at each time." The ordinance in question provided for the issuance of the bonds in the amount of $1,000 each, and "the same to mature in not exceeding forty years." The resolution adopted by the Board of

344

Education under KRS 162.090 provided for the issuance of serial bonds. This was clearly a violation of KRS 162.080. In commenting upon a similar question in the case of Howard v. Board of Education of Harlan Independent School District, 311 Ky. 130, 223 S. W. 2d 721, 722, we said: "Both KRS 162.080 and 162.090 were a part of Section 42 of Chapter 65 of the Acts of 1934. It is first provided that the Fiscal Court shall provide the time the bonds shall run, the type of issue and the amount to mature at each date. Once bonds are voted, the Board determines the manner in which they shall be sold, but all of the authority vested in the Board as to the sale and handling of the bonds and their payment is predicated upon the manner in which they are voted, which must be in accordance with the ordinance of the Fiscal Court providing for the bond election. * * *"

We see no objection to the issuance of only a part of the bonds at this time, if the Board desires to adopt a resolution providing for the issuance of the bonds in accordance with the ordinance calling for the election on the bond question.

Judgment reversed, with directions to set it aside, and for the entry of a judgment consistent with this opinion.